[No. 28904. Department One. February 18, 1943.]

EPHA GRACE YOST, *Appellant,* v. CHARLES H. YOST, *Respondent.*[1]

*A. E. Dailey,* for appellant.

*John C. Richards,* for respondent.

MILLARD, J.—This is an action for a divorce, instituted by the wife, based on Rem. Rev. Stat., § 982 [P. C. § 7501], subd. 5, which provides that a divorce may

[1] Reported in 134 P. (2d) 79.

be granted on application of the party injured for cruel treatment or personal indignities by the other party, rendering life of the complaining party burdensome. Trial of the cause to the court resulted in dismissal of the action. Plaintiff appealed.

The only question presented by this appeal is whether appellant sustained the burden of proving the allegation that respondent had been guilty of cruel treatment and personal indignities toward appellant, rendering her life burdensome, in that he struck and beat her without just cause and falsely accused her of infidelity in her marital relations.

Three children have been born of the marriage of these parties, who were wed more than nine years ago. They have prospered in a modest way. In this case, as is usual in divorce cases, the relatives and neighbors too actively interested themselves in the affairs of this unfortunate couple. While appellant testified that respondent struck her on a number of occcasions, accused her of infidelity, and committed other acts which vexed and tormented her, none of her witnesses, relatives, or neighbors, corroborated her. Respondent denied *in toto* the charges made by appellant.

If the trial court had believed the testimony of appellant and had accorded it the weight which she thinks should be given to it, appellant would have sustained the burden of proof which would have warranted the entry of a divorce decree in her favor. The able and conscientious trial judge was convinced that the answer to the question whether appellant had sustained the burden of proof was dependent entirely upon the weight the court should accord to the testimony of the man and the woman who are involved. The trial court observed that some testimony had been given by witnesses which in some measure corroborated the testimony of the two litigants, but that,

for the most part, the testimony of those witnesses deals with things which are quite trivial in many instances and of little weight, whatever truth there may be in that testimony, as bearing upon the question of whether there had been cruelty or personal indignity by the respondent which rendered appellant's life burdensome.

The trial court said:

"I see in this plaintiff [appellant] a wife whose testimony and evidence leads me to believe she has been faithful to her marriage vows, been industrious, been frugal, been helpful in the promotion of their interests. I do not see in this defendant [respondent] husband a man who has been cruel, who has been disregardful of his wife's interests, who has been neglectful of her or has enslaved her. I know and understand that the woman was not happy, and it may be that some reason for that which I do not discern exists. Of course, her having instituted action for divorce, having on this occasion departed from the home as she did and starting this action cannot lend any other inference than that she is unhappy and dissatisfied, but she cannot have a divorce because she is thus unhappy and is thus dissatisfied. She took the man with some burdens. However well the intentions of the relatives, kin, the neighbors and associates of these two people may be, it is not for them to judge whether this man has been cruel or has not been or whether the plaintiff [appellant] has worked too hard or has not worked too hard. This in some large part they assume to do as witnesses. . . . The words they use are extravagant words; they overdraw in the stress of this proceeding; they lend color by expression that is not actually existent.

"I weighed most of this testimony during the overnight recess, listened patiently to every witness and to counsel, and I can reach but one conclusion and that is that this evidence does not sustain any ground for divorce."

The trial judge was in a better position than we to evaluate the evidence, as he heard the witnesses and

604

observed their demeanor. We have carefully read the evidence, which is such that the trial court had the right to believe it or to attach little weight to it; therefore, dismissal of the action must be sustained.

Respondent's brief was not filed in this court until the day before hearing of the appeal. In view of the rule (1938 revised court rules, 193 Wash. 13-a) requiring respondent's brief to be on file with the clerk of this court not less than ten days prior to the Thursday of the week preceding the week of the hearing, costs will not be allowed to respondent for his brief.

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, and JEFFERS, JJ., concur.

STEINERT, J., concurs in the result.